

FILED
2014 Jun-10 PM 03:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| SHENNETTA THEDFORD, BRIANNA KIND, DECORELAN TOMPKINS, a minor, by and through his parent, SHERRY TOMPKINS, ALEXANDERS DUBOSE, TALESHA WRENCH, SHANTERRICKA THEDFORD, a minor, by and through her parent, SHENNETTA THEDFORD, KRIBBE PERRYMAN, and all other similarly situated individuals<br><br>        Plaintiffs,<br><br>v.<br><br>DRIVE-IN OF EVANSVILLE, INC., d/b/a SONIC DRIVE-IN,<br><br>        Defendant. | CIVIL ACTION NO.<br>2:14-CV-00390-SLB |

## REPORT OF PARTIES' PLANNING MEETING

1. **Appearances**: Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26.1, a meeting of the parties' representatives was held on June 10, 2014, and was conducted by:

    a.    Appearing on behalf of Plaintiffs: Courtney L. Calhoun.

    b.    Appearing on behalf of Defendant: Amy K. Jordan.

2. **Initial Disclosures**: The parties will exchange by July 9, 2014, the information required by Fed. R. Civ. P. 26(a)(1).

20921483 v1

3. **Synopsis of case**:

<u>Plaintiffs' Position</u>: Plaintiffs assert claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") for wrongfully withheld wages and overtime compensation. The Defendant violated and continues to violate the FLSA by: (1) requiring the plaintiffs and other employees to routinely work off-the-clock and refusing to pay them for their work performed off-the-clock; (2) refusing to pay them overtime compensation for the hours they worked in excess of 40 hours per workweek; (3) inflating the amount of tips received by the carhop crewmembers to avoid paying them minimum wage; and, (4) incorrectly classifying the general managers as exempt to avoid paying them overtime compensation.

<u>Defendant's Position</u>: Plaintiffs' Fair Labor Standards Act ("FLSA") claims for unpaid wages, minimum wage and overtime violations lack merit because, during their employment with Defendant, Plaintiffs were properly paid for all hours worked, at a rate at or above the minimum wage, and were paid for any and all overtime compensation due throughout the relevant time period. The Plaintiffs are not similarly situated to the extraordinarily broad class of individuals whom they seek to represent. Defendant incorporates by reference into this paragraph its other affirmative defenses to Plaintiffs' complaint, as set forth in its answer.

4. **Discovery Plan**:

a. Without waiver of objections, discovery will be needed on the following subjects: Plaintiffs' claims and all other allegations in Plaintiffs' complaint and matters incidental thereto; Defendant's defenses and matters incidental thereto; Plaintiffs' damages, defenses thereto, and mitigation thereof.

b. All discovery will be commenced in time to be completed by February 6, 2015. In the event that Plaintiffs file a motion for conditional collective action certification or court-approved notice that is granted by the Court, the parties request the opportunity to submit a new proposed scheduling and discovery plan within fourteen (14) days of the Court's order.

c. A maximum of thirty (30) interrogatories, including subparts, by each party to any other party.

d. A maximum of thirty (30) requests for production, including subparts, by each party to any other party.

e. A maximum of thirty (30) requests for admission, including sub-parts, by each party to any other party.

f. A party may take the deposition of any other party. In addition to party depositions, a maximum of five (5) depositions may be taken by each party, excluding any experts, subject to paragraph b. above. Each deposition is limited to a maximum of seven hours excluding any breaks unless otherwise

agreed by the parties or ordered by the Court.

        g.    Reports from retained experts under Rule 26(a)(2) are due from the Plaintiffs by ninety (90) days prior to the close of discovery and from the Defendant by sixty (60) days prior to the close of discovery. If Plaintiffs intend to use expert testimony in support of their motion for conditional collective action certification, Plaintiffs will provide expert reports by August 12, 2014.

        h.    Supplementation under 26(e) will be due in accordance with the provisions of Fed. R. Civ. P. 26(e) and Local Rule 26.1.

5.    **Other Items:**

        a.    The parties do not request a conference with the Court before entry of the initial scheduling order.

        b.    The parties request a pretrial conference forty-five (45) days prior to trial.

        c.    Amendment of Pleadings/Joinder of Additional Parties:

        (1)    Plaintiffs should be allowed until September 19, 2014, to file a motion for conditional collective action certification or to facilitate court-approved notice to the potential collective action class. Absent the Court's granting of this motion, Plaintiffs should not be allowed to add additional parties or amend the pleadings after September 19, 2014. Should the Court grant Plaintiffs' motion, the parties request the opportunity to submit a new proposed scheduling and

discovery plan within fourteen (14) days of the Court's order.

        (2)    Defendant should be allowed until October 17, 2014, to join additional parties and to amend the pleadings.

    d.    All potentially dispositive motions should be filed thirty (30) days following the end of discovery.

    e.    Settlement cannot be evaluated until completion of initial discovery.

    f.    At this time the parties do not anticipate that the Alternative Dispute Resolution Plan will be used in this civil action.

    g.    Final lists of witnesses and exhibits under Rule 26(a)(3) will be due from Plaintiffs thirty (30) days before trial and from Defendant thirty (30) days before trial, or on a date determined by the Court. The parties will have fourteen (14) days after service of final lists of witnesses and exhibits, or such date as determined by the Court, to list objections under Rule 26(a)(3).

    h.    At this time the trial of this matter is expected to take four (4) days. The parties request that the Court set the trial date after resolution of the class certification issues.

    6.    **Electronic Information**

    a.    Preservation of Electronic Information: The parties will take reasonable measures to preserve relevant electronic information. Defendant will

endeavor to preserve any electronic information, to the extent that it exists, related to the individuals named in Plaintiffs' complaint. Other information will be preserved in accordance with the Defendant's document retention policies.

    b. Form of Production of Electronic Information: To the extent that it exists, the parties will produce relevant, non-privileged, electronic information in paper or .pdf format, or in a format mutually agreed upon by the parties as necessary.

    c. Production of Privileged Materials: If, after production, a party contends that privileged materials have been produced, that the effected party shall notify opposing counsel as soon as practicable, identifying those items the party contends are privileged and that the parties shall thereafter meet and discuss any such matters and documents. In the event the parties are unable to reach an agreement as to the applicability of the privilege, the party claiming the privilege shall submit the issue to the Court within seven (7) days of the parties meeting.

              */s/ Courtney L. Calhoun*_____
              Lee D. Winston
              Roderick T. Cooks
              Courtney L. Calhoun
              Attorneys for Plaintiffs

**OF COUNSEL:**
WINSTON COOKS, LLC
2 20th Street North
Suite 1330
Birmingham, AL 35203
Telephone: (205) 502-0970
Facsimile: (205) 278-7856

20921483 v1

                /s/ *Amy K. Jordan*_____
K. Bryance Metheny  (METHK8183)
Ronald W. Flowers, Jr.  (FLOWR3653)
Amy K. Jordan (JORDA2962)
Attorneys for Defendant

**OF COUNSEL:**
BURR & FORMAN LLP
3400 Wells Fargo Tower
420 North 20th Street
Birmingham, AL   35203
Telephone:   (205) 251-3000
Facsimile:   (205) 458-5100

7

20921483 v1